

United States District Court
Southern District of Texas
FILED

MAR 1 1 2015

David J. Bradley, Clerk of Court

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | *15 CR 125* |
| | § | |
| THUY HONG LE | § | |
| AMANDA TRAM NGUYEN | § | CRIMINAL NO. _____ |
| RICHARD KAROL FLANAGAN | § | |
| RICHARD PASCAL WILLIAMS | § | |
| AGNES AKOL OSIRE | § | |
| APRIL RENEE JOUBERT | § | |

Sealed
Public and unofficial staff access
to this instrument are
prohibited by court order.

## INDICTMENT

**THE GRAND JURY CHARGES:**

**At all times material to this Indictment:**

### COUNT ONE
[21 U.S.C. 846 - Conspiracy to Distribute, Dispense. and Possess With Intent
to Distribute and Dispense a Controlled Substance]

#### A. Introduction:

1.     Oxycodone was a Schedule II controlled substance.  Oxycodone is also known by its brand names, to include *Oxycontin®, Percoset®,* and *Roxicodone®*.

2.     Hydrocodone was a Schedule III controlled substance until October 6, 2014, on which date it was changed from a Schedule III controlled substance to a Schedule II controlled substance.  Hydrocodone is also known by its brand names, to include *Vicodin®, Norco®, Lorcet®,* and *Lortab®*.

3.     Oxycodone and hydrocodone were to be prescribed only when medically required and were to be taken only in a manner prescribed by a doctor for a particular patient.

4.     Under the Controlled Substances Act, Title 21, United States Code, § 841(a), *et seq.*, and Title 21, Code of Federal Regulations, § 1306.04, a prescription for a controlled

substance was not legal or effective unless it was issued for a legitimate medical purpose by a practitioner acting in the usual course of professional practice.

5.     **THUY HONG LE** and **RICHARD PASCAL WILLIAMS** operated multiple pain management clinics in the Houston, Texas, and Dallas, Texas, areas.  **THUY HONG LE** was not a medical professional and did not hold or possess any medical degrees or licenses.

6.     **AMANDA TRAM NGUYEN** was a trusted associate of **THUY HONG LE**, and she worked in various clinics operated by **THUY HONG LE** and/or **RICHARD PASCAL WILLIAMS**.

7.     **RICHARD PASCAL WILLIAMS** was a physician licensed to practice medicine in the State of Texas.  He represented his primary specialty to be general preventive medicine.

8.     **AGNES AKOL OSIRE** was a pharmacist licensed by the Texas State Board of Pharmacy.  She owned and/or operated "BWM Pharmacy & Medical Supply" and "SEM Pharmacy & Medical Supply."  Both businesses were located in Houston, Texas.

### B. The Conspiracy

9.     From on or about October of 2012, and continuing thereafter up to and including the date of this Indictment, in the Southern District of Texas and elsewhere, and within the jurisdiction of this Court, Defendants,

**THUY HONG LE,**
**AMANDA TRAM NGUYEN,**
**RICHARD KAROL FLANAGAN,**
**RICHARD PASCAL WILLIAMS,**
**AGNES AKOL OSIRE,**
and
**APRIL RENEE JOUBERT,**

did knowingly, intentionally, and unlawfully combine, conspire, confederate, and agree with each other and others known and unknown to the Grand Jury, to commit an offense defined in

Title 21, United States Code, § 841, namely to distribute, dispense, and possess with intent to distribute and dispense, a mixture or substance containing a detectable amount of oxycodone, a Schedule II controlled substance, and a mixture or substance containing a detectable amount of hydrocodone, a Schedule II and Schedule III controlled substance, outside the scope of professional practice and not for a legitimate medical purpose, all in violation of Title 21, United States Code, §§ 841(a)(1), 841(b)(1)(C), 841(b)(1)(E), and 846.

**COUNT TWO**
**[21 U.S.C. 841 – Distribution, Dispensation, and Possession**
**With Intent to Distribute and Dispense;**
**18 U.S.C. 2 – Aiding and Abetting]**

On or about April 8, 2014, in the Southern District of Texas and elsewhere, and within the jurisdiction of this Court, Defendants,

**THUY HONG LE,**
**AMANDA TRAM NGUYEN,**
**RICHARD KAROL FLANAGAN,**
**AGNES AKOL OSIRE,**
and
**APRIL RENEE JOUBERT,**

each aiding and abetting the other and others known and unknown to the Grand Jury, did knowingly, intentionally, and unlawfully distribute, dispense, and possess with intent to distribute and dispense a mixture or substance containing a detectable amount of oxycodone, a Schedule II controlled substance, outside the scope of professional practice and not for a legitimate medical purpose, all in violation of Title 21, United States Code, §§ 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code § 2.

## COUNT THREE
### [21 U.S.C. 841 – Distribution, Dispensation, and Possession With Intent to Distribute and Dispense; 18 U.S.C. 2 – Aiding and Abetting]

On or about June 18, 2014, in the Southern District of Texas and elsewhere, and within the jurisdiction of this Court, Defendants,

**THUY HONG LE,**
**AMANDA TRAM NGUYEN,**
**RICHARD PASCAL WILLIAMS**
and
**AGNES AKOL OSIRE,**

each aiding and abetting the other and others known and unknown to the Grand Jury, did knowingly, intentionally, and unlawfully distribute, dispense, and possess with intent to distribute and dispense a mixture or substance containing a detectable amount of oxycodone, a Schedule II controlled substance, outside the scope of professional practice and not for a legitimate medical purpose, all in violation of Title 21, United States Code, §§ 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, § 2.

## NOTICE OF CRIMINAL FORFEITURE
### [Title 21, United States Code, § 853]

Under Title 21, United States Code, § 853(a), the United States gives notice to Defendants,

**THUY HONG LE,**
**AMANDA TRAM NGUYEN,**
**RICHARD KAROL FLANAGAN,**
**RICHARD PASCAL WILLIAMS,**
**AGNES AKOL OSIRE,**
and
**APRIL RENEE JOUBERT**

that in the event of conviction of an offense in violation of Title 21, United States Code, §§ 841 or 846, the following is subject to forfeiture:

(1)    all property constituting or derived from, any proceeds obtained, directly or

indirectly, as the result of such violation; and

(2)     all property used or intended to be used, in any manner or part, to commit or to facilitate the commission of such violation.

## Property Subject to Forfeiture

Defendants are notified that the property subject to forfeiture includes, but is not limited to, $100,500.00 in United States currency seized from **THUY HONG LE** or about April 17, 2014.

## Money Judgment

Defendants are notified that in the event of conviction, a money judgment may be imposed equal to the total value of the property subject to forfeiture.

## Substitute Assets

Defendants are notified that in the event that property subject to forfeiture, as a result of any act or omission of defendants,

(1)     cannot be located upon the exercise of due diligence;

(2)     has been transferred or sold to, or deposited with, a third party;

(3)     has been placed beyond the jurisdiction of the court;

(4)     has been substantially diminished in value; or

(5)     has been commingled with other property that cannot be divided without difficulty;

the United States will seek to forfeit any other property of the defendants up to the total value of

the property subject to forfeiture under Title 21, United States Code, § 853(p).

A TRUE BILL:

Original Signature on File

_____
Foreperson of the Grand Jury

KENNETH MAGIDSON
United States Attorney

By: _____
Bryan K. Best
Assistant United States Attorney